GEORGE N. TITUS, Respondent, *v.* THE GLENS FALLS INSUR-
ANCE COMPANY, Appellant.

Defendant issued a policy of fire insurance to M.; loss payable to plaintiff, as mortgagee. It was provided in the policy, that it should be void if all the liens on the property insured were not expressed thereon; the representations in the application were also made warranties. In answer to a question, if there were any incumbrances, and for what amount, M. answered " Yes, $2,500." Plaintiff's mortgage was for that amount; all the interest due at the time the application was made had been paid, but a little over two months' interest had not been paid. In an action upon the policy, *held,* that the representation was substantially correct.

The policy contained a provision for its renewal; at its expiration it was renewed for another year; the certificate of renewal contained the words, " provided, always, that the original policy is in full force." At the time the policy was issued, there was a small judgment docketed against M. which was a lien, but which was not noticed in the application or in the policy, and was unknown to defendant. This judgment was paid before the renewal. *Held,* that assuming this lien avoided the original policy, yet it did not prevent the renewal from taking effect, as then no cause of forfeiture existed.

Before the renewal certificate was issued, plaintiff, without the knowledge of M., procured insurance in another company, upon the same property, loss payable to him as mortgagee. This insurance was not mentioned in the policy issued by defendant, or in the renewal certificate, and was not known to defendant until after the loss. Defendant's policy contained a clause avoiding it in case the assured then had, or should thereafter procure, other insurance without the consent of defendant written on the policy. *Held,* that there was no breach of said condition, and this although M.'s mortgage contained a clause, that he should keep the mortgaged buildings insured, and assign the policy, and in case of default authorizing plaintiff to procure insurance; as M. was not in default, and plaintiff in procuring the insurance acted for himself, and not in any sense as agent for M.

M., after the loss, made the formal proof required to procure payment of the insurance so obtained by plaintiff. *Held,* that there was no ratification by M. of such insurance so as to make the act of procuring it his act.

Defendant's policy contained a provision that the insured should, " if required submit to an examination * * * under oath." *Held,* that M. was only bound to answer such questions as had a material bearing upon the risk; and, having submitted to such examination, that his refusal to answer questions having no such bearing was not a violation of the provision.

Proof of loss having been received and retained by defendant without

Statement of case.

objection, *held*, that defendant could not object that the proofs were not sufficiently full.

The policy contained a condition declaring it void, in case foreclosure proceedings were commenced against the insured property. Plaintiff commenced a foreclosure of his mortgage, obtained judgment, and the property was advertised for sale a few days before the fire. *Held*, that the condition was applicable to plaintiff's mortgage, and that the foreclosure proceedings forfeited the policy.

But *held*, that as defendant, after the fire and after it had notice of the proceedings, had required the insured to appear and be examined, and as it had the right to make such examination only by virtue of the policy, this was a recognition of its validity, and was a waiver of the forfeiture.

Where there has been a breach of a condition in a policy of insurance, the insurer may waive the forfeiture, either by express language to that effect or by acts from which an intention to waive may be inferred or from which a waiver follows as a legal result.

If, in any negotiation or transaction with the insured, after knowledge on the part of the insurance company of forfeiture, it recognizes the continued validity of the policy, or does acts based thereon, or requires the insured, by virtue of the policy, to do some act or incur some trouble or expense, the forfeiture is, as matter of law, waived.

Such a waiver need not be based upon any new agreement, or upon an estoppel.

On the cross-examination of defendant's local agent, who was a witness for it on the trial, it was shown that L., its general agent, was at the location of the insured property after the fire, and investigated the circumstances of the loss. Plaintiff thereafter, as a witness in his own behalf, was permitted to testify, under objection and exception, that after the fire, a person he had never before seen, and about whose identity he knew nothing, save what he then learned from him, called upon him, representing himself as L., said general agent, inquired about the foreclosure proceedings, and was advised thereof; this was before the examination of M. *Held*, that the testimony was properly received; that it could not be assumed that the person was an impostor, at least it was for the jury to say whether he was L. or not.

The policy contained a condition forfeiting all claims under it in case of "any fraud or attempt at fraud, or any misrepresentation in proofs of loss, or examination, or any false swearing." *Held*, that a mere mistaken expression of opinion or innocent misstatement did not work a forfeiture under this provision; but that the misstatement must be false and fraudulent.

(Argued June 4, 1880; decided June 15, 1880.)

APPEAL from judgment of the General Term of the Supreme

Court, in the second judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict.

The nature of the action and the facts appear sufficiently in the opinion.

*S. Brown* for appellant. Whether the terms of an insurance contract are reasonable is for the parties to it and not the courts to determine. (*Savage* v. *Howard Ins. Co.*, 52 N. Y. 504; *Springfield F. and M. Ins. Co.* v. *Allen*, 43 id. 389–394.) The insurance by the Home policy being upon the same property and the same interest, and to the same assured, was specifically prohibited by the Glens Falls policy, whether valid or not. (*Bigler* v. *N. Y. Central Ins. Co.*, 22 N. Y. 402; *Robertson* v. *Cow*, 3 Barb. 418.) The company having been kept in ignorance of these facts, there is no element of waiver or estoppel in the case. (*Underwood* v. *Farmers' Joint Stock Ins. Co.*, 57 N. Y. 500; *Sherman* v. *Niagara F. Ins. Co.*, 46 id. 526; *Pratt* v. *N. Y. Central Ins. Co.*, 55 id. 505, 510; *Van Schaick* v. *Niagara Fire Ins. Co.*, 68 id. 434.) An applicant for insurance is bound to disclose fairly, and with entire frankness, all the facts known to him which are material to the risk, and the neglect to do so, even though by inadvertence and without actual fraud, will vitiate the policy. (*Beebe* v. *Hartford Co. M. F. Ins. Co.*, 25 Conn. 51; *Bowery F. Ins. Co.* v. *N. Y. F. Ins. Co.*, 17 Wend. 359; *Dennison* v. *Thomaston M. Ins. Co.*, 20 Me. 125; *Curry* v. *Com. Ins. Co.*, 10 Pick. 125, 1 Hand [Ohio], 208; *Gould* v. *York Ins. Co.*, 47 Me. 409; *Clark* v. *N. C. M. Ins. Co.*, 6 Cush. 342; *Carpenter* v. *Am. Ins. Co.*, 1 Story, 57; *Colt* v. *Phœnix Fire Ins. Co.*, 54 N. Y. 595.) The declaration of the parties that any misrepresentation, excluding the element of fraud, should defeat the plaintiff's claim, determines the rights of the parties. (*Boutelle* v. *Westchester Fire Ins. Co.*, 51 Vt. 12.)

*Tompkins Westervelt* for respondent. The additional insurance made by the mortgagee, without authority, knowledge or consent of the assured, is not a violation of that clause of the

policy in relation to other insurance. (*Tyler* v. *Ætna Ins. Co.*, 16 Wend. 507.) Defendant's acts after notice of the other insurance constituted a waiver of the forfeiture, if there had been any. (*Shearman* v. *Niagara Fire Ins. Co.*, 46 N. Y. 532; *Van Schaick* v. *Niagara Fire Ins. Co.*, 68 id. 439; *Webster* v. *Phœnix Ins. Co.*, 36 Wis. 67; Wood on Fire Insurance, § 109, notes 1 and 2; *Insurance Co.* v. *Norton*, 96 U. S. Sup. Ct. 234; *Gans* v. *St. Paul Ins. Co.*, 43 Wis. 109.) Having been notified of the interest of the mortgagee in the property, and having agreed to pay him the loss, if any, the defendant cannot call in question the foreclosure of the mortgage, but must be held to have agreed to it in advance. (Wood on Fire Insurance, § 347; *Aldrich* v. *Equitable Safety Ins. Co.*, 1 W. & M. [U. S.] 272; *Pitney* v. *Glens Falls Ins. Co.*, 65 N. Y. 6; *Farmers' Ins. Co.* v. *Ashton*, Ohio Sup. Ct. [6th Rep.] 536; *Toy* v. *Home Ins. Co.*; *Brink* v. *Hanover Ins. Co.*, N. Y. Ct. App., March, 1880.) The defendants, by their conduct after they were made aware of the existence of the foreclosure proceedings, waived the forfeiture, if there was one, by treating the policy as valid. (*Shearman* v. *Niagara Fire Ins. Co.*, 46 N. Y. 439; *Van Schaick* v. *Niagara Fire Ins. Co.*, 68 id. 439; *Webster* v. *Phœnix Ins. Co.*, 36 Wis. 97; *Lasher* v. *N. W. Ins. Co.*, 55 How. Pr. 318; *Gans* v. *St. Paul Ins. Co.*, 43 Wis. 109.) The action was not prematurely brought. (*Insurance* v. *Weides*, 14 Wall. [U. S.] 375; Wood on Fire Insurance, § 346; *Huber* v. *Niagara Ins. Co.*, 16 Wis. 523; Wood on Insurance, § 429, and cases in note, p. 747.) If the statement of the assured, in his proofs of loss, of the value of the property destroyed, was a mistaken expression of opinion, but was not false or fraudulent, then the plaintiff was not to be prevented from recovering. (Wood on Fire Insurance, § 429, and notes, pp. 745–747; *Wolff* v. *Goodhue Fire Ins. Co.*, 43 Barb. 400.)

EARL, J. This is an action upon a fire policy insuring a barn, issued by the defendant to Oliver Merrill, loss payable to the plaintiff as mortgagee. The plaintiff recovered a verdict, and

the defendant now seeks to reverse the judgment entered thereon, upon various grounds, which I will separately notice.

1. It was provided in the policy that it should be void, "if all the liens (whether by mortgage, judgment, or otherwise) on the property are not expressed hereon." It was also provided that the application should form a part of the policy, and that the representations therein made should be considered warranties. In the application, to the question : " Is there any incumbrance by mortgage or otherwise, and for what amount ? " Merrill answered : " Yes, $2,500." The date of the policy was March 6, 1876. The mortgage was for $2,500, and all the interest due had been paid ; but the interest thereon running from December 27, 1875, was unpaid. The mortgage was therefore a security for a little more than $2,500 ; and hence it is claimed that there was a breach of warranty. But the representation was substantially true. The mortgage was for $2,500, as represented, and all the interest due had been paid. The answer to the question was as accurate as a very precise man would make it.

2. At the date of the policy there was a small judgment docketed against Merrill, which was a lien upon the insured property ; but that judgment was paid in full in the fall after the date of the policy. That judgment was not noticed in the application or in the policy, and was unknown to the defendant ; and it may, therefore, be assumed that it avoided the policy. But the policy contained this provision: " This insurance (the risk not being changed) may be continued for such further time as shall be agreed on, provided the premium therefor is paid and indorsed on this policy, or a receipt given for the same, and it shall be considered as continued under the original contract, and for the original amount and divisions, unless otherwise specified in writing; but in case there shall have been any change in the risk, either within itself or otherwise, not made known to the company in writing by the assured at the time of renewal, this policy and renewal shall be void." This clause was designed to secure the company against any increase of risk in the renewal of the policy. It is clear

that it was understood that the insurance was to be continued, if at the time of any application for a renewal the representations contained in the original application remained true. This policy expired March 6, 1877, and on that day the annual premium was paid, and it was renewed for another year. The certificate of renewal contained the words "provided always that the original policy is in full force." The claim now is that because the original policy was avoided on account of the judgment undisclosed at the date thereof, although afterward paid, the renewal did not take effect. We think otherwise. Considering the language used in the policy and in the renewal certificate, and the manifest purpose for which it was used, we do not think that it was intended to reach a case where at the time of the renewal all the representations contained in the original application were true and no cause of forfeiture then existed. If all the facts as to the judgment had then been known to the company, it cannot be doubted that it would have made the renewal ; and a narrow, literal construction of this provision, which would work injustice and operate differently from what could have been intended, should not be adopted.

3. On the 2d day of March, 1877, four days before the renewal certificate was issued, the plaintiff procured of The Home Insurance Company a policy insuring the same barn, loss payable to him as mortgagee, and this insurance was not mentioned in the policy or renewal certificate issued by the defendant, and was unknown to it. It is claimed that this insurance violated that portion of the defendant's policy which provides that it should become void " if the assured now has, or shall hereafter make, any other insurance on the property hereby insured, or any part thereof (whether valid or not) without the consent of the company written hereon." The answer to this is that the insured, Merrill, did not procure the further insurance, that he did not know of it until after the loss, and that the plaintiff was not his agent in any sense to procure such insurance. It is true that Merrill's mortgage contained a clause providing that he should keep the mortgaged

buildings insured, and assign the policy to the plaintiff, and that in case of default on his part, the plaintiff might procure such insurance at his expense and add the amount paid therefor to the mortgage. But that clause could not operate until there was default on the part of Merrill, and he could be put in default only upon refusal or neglect to procure the insurance after some sort of notice or demand. Besides, the plaintiff, in procuring that insurance, acted for himself and in his own interest; and hence his act in· procuring it cannot be so far regarded as the act of Merrill as to violate the clause in the policy now under consideration. It was not other insurance, within the meaning of the policy, procured by Merrill. ·

There was no ratification by Merrill of that insurance in such way as to make the act of procuring it his act. He did not know of it until after the loss, and thus after the rights of the parties had become fixed. All he then did was at the request of the plaintiff to make the formal proof which was required to procure payment from The Home Insurance Company. If the act of procuring that insurance did not at the time operate to avoid defendant's policy, it could not after the loss have such operation by relation.

4. Defendant's policy contained a provision that the insured should, " if required, submit to an examination or examinations under oath by any person appointed by the company, and subscribe to such examinations when reduced to writing." It is complained that this provision was violated. Merrill did, at the request of the defendant, submit to an examination under oath, but he declined to answer some of the questions put to him. He was bound only to answer such questions as had a material bearing upon the insurance and the loss, and I cannot perceive that the questions which he declined to answer had such bearing, and hence he was justified in his refusal to answer them.

5. It is said that the proofs of loss were not as full as they should have been in some particulars. They were received by the defendant and retained without any objection, and hence it cannot complain that they were defective. If it desired

more, it should have returned the proofs and pointed out the defects.

6. I now come to a more serious objection to this recovery. The policy contains a provision that it should be void if foreclosure proceedings should be commenced against the insured property, and this provision is alleged to have been violated. The plaintiff commenced a foreclosure of his mortgage, by action, about the 1st of May, 1877, and he obtained a judgment of foreclosure, and under that judgment he caused the mortgaged premises to be advertised for sale a few days before the fire.  In reference to this objection to plaintiff's recovery, the opinion pronounced at General Term contains the following : " We do not think this condition relates to the plaintiff's mortgage.  It cannot be assumed that in a policy issued by the defendant, with the loss payable to the plaintiff as mortgagee, a condition would be inserted prohibiting him from foreclosing his mortgage.  The condition has some other meaning."  The argument of plaintiff's counsel is, that when the defendant assented to this mortgage, it necessarily assented to all the necessary incidents and consequences of the mortgage interest; that, having been notified of the interest of the mortgagee in the property, and having agreed to pay him the loss, if any, it cannot call in question the natural result and incident of such mortgage title, to wit, the foreclosure thereof, but must be held to have agreed to it in advance.  This reasoning does not carry conviction to our minds.  A provision that a policy shall be void in the case of foreclosure proceedings is common in insurance policies, and we must assume that experience has shown to underwriters that such proceedings increase the risk to the insurer.  The defendant might have been willing, for the premium charged, to insure this barn with the mortgage upon it, and yet not willing to insure it in case of proceedings to foreclose the mortgage.  It did assent to the mortgage, and agree that the loss, if any, be paid to the mortgagee, but it did not assent to continue the insurance in case the risk was increased by proceedings to foreclose the mortgage.  Before commencing the foreclosure the plaintiff should have obtained the assent

of the defendant. It might have examined the circumstances and granted such assent without any conditions, or it might have required an additional premium for the increased risk. It might have refused altogether, and in that case the plaintiff could have delayed his foreclosure until the end of the year, or surrendered the policy and procured insurance elsewhere. Even if the provision were found to be very inconvenient and embarrassing, there is no help for it. There it is, and we cannot take it out of the policy by construction. There are two provisions: one, that liens, without the assent of the company, shall avoid the policy; and another, that foreclosure proceedings shall avoid it; and effect must be given to both. According to the construction contended for on the part of the plaintiff, the latter provision would be wholly useless or nullified in every case, because all liens avoid the policy unless assented to; and according to that construction, when assented to, foreclosure proceedings may be instituted without avoiding the policy. If such proceedings may be instituted as incident to the mortgage, then they may be carried to their conclusion by a sale and conveyance, and thus by assenting to a mortgage, a company may be held to have assented to a change of title of the insured property. Such a construction is unreasonable and unwarranted. (*Pratt* v. *The New York Central Ins. Co.*, 55 N. Y. 505.)

But we are of opinion that the claim of the plaintiff is well founded that the forfeiture caused by the foreclosure proceedings was waived by the defendant. After the fire, and after the defendant had notice of the proceedings, it required the insured to appear before a person appointed by it for that purpose, to be examined under the clause in the policy hereinbefore mentioned, and he was there subjected to a rigorous inquisitorial examination. It had the right to make such examination only by virtue of the policy. When it required him to be examined, it exercised a right given to it by the policy. It then recognized the validity of the policy, and subjected the insured to trouble and expense, after it knew of the forfeiture now

alleged, and it cannot now, therefore, assert its invalidity on account of such forfeiture.

When there has been a breach of a condition contained in an insurance policy, the insurance company may or may not take advantage of such breach and claim a forfeiture. It may, consulting its own interests, choose to waive the forfeiture, and this it may do by express language to that effect, or by acts from which an intention to waive may be inferred, or from which a waiver follows as a legal result. A waiver cannot be inferred from its mere silence. It is not obliged to do or say any thing to make the forfeiture effectual. It may wait until claim is made under the policy, and then, in denial thereof, or in defense of a suit commenced therefor, allege the forfeiture. But it may be asserted broadly that if, in any negotiations or transactions with the insured, after knowledge of the forfeiture, it recognizes the continued validity of the policy, or does acts based thereon, or requires the insured by virtue thereof to do some act or incur some trouble or expense, the forfeiture is as matter of law waived; and it is now settled in this court, after some difference of opinion, that such a waiver need not be based upon any new agreement or an estoppel. (*Allen et al.* v. *Vermont Mut. Fire Ins. Co.*, 12 Vt. 366; *Webster* v. *Phœnix Ins. Co.*, 36 Wis. 67; *Gans* v. *St. Paul Ins. Co.*, 43 id. 109; *Insurance Co.* v. *Norton*, 96 U. S. Sup. Ct. 234; *Goodwin* v. *Mass. Mut. Life Ins. Co.*, 73 N. Y. 480, 493; *Prentice* v. *Knickerbocker Life Ins. Co.*, 77 id. 483; *Brink* v. *Hanover Fire Ins. Co.*,* in this court not yet reported.)

Forfeitures are not favored in the law, and this doctrine of waiver is not peculiar to insurance policies, but is applicable to all cases of forfeiture. As to leases, it is thus laid down in Taylor's Landlord and Tenant (5th ed.), § 287: "The forfeiture of a lease by breach of any other condition may, however, be waived in like manner as a forfeiture for non-payment of rent, or a notice to quit; for if the landlord does any act, with knowledge of the breach, which can be considered as an acknowledgment of a tenancy still subsisting, he waives the

---

* 80 id. 108.

forfeiture." (See, also, id., § 497; 1 Smith's Lead. Cas. 20 a. ; *Lloyd* v. *Crispe*, 5 Taunt. 249; *Doe* v. *Miller*, 2 C. & P. 348.)

7. Some exceptions of minor importance remain to be examined. It was shown on the cross-examination of the defendant's local agent, who was a witness for it, that Mr. Little, the general agent of the defendant, was at the location of the insured property in August, after the fire, and there investigated the circumstances of the loss. Afterward the plaintiff was called as a witness on his own behalf, and he testified that in that month of August a person called upon him, representing himself as Mr. Little and as representing the company, and inquired about the foreclosure proceedings and the fire, and that. they had a conversation about the foreclosure proceedings. He had never before seen Mr. Little, and all he knew about his identity was what he then learned from him. This evidence was material to charge the defendant with knowledge at that time (which was before the insured was subjected to the examination above mentioned) of the foreclosure proceedings. Defendant's counsel objected to the evidence as hearsay, on the ground that there was no proof of the identity of the person who had the conversation with the witness, and the objection was overruled. We think no error was committed. There was proof that Little was the general agent of the defendant, that he was in that vicinity at that time investigating this loss, and that he made inquiry of some one about the foreclosure proceedings; and then there was this evidence, that a man representing himself as Mr. Little, the representative of the company, called upon the plaintiff and had the conversation proven. It cannot be assumed that that person was an impostor. It was at least for the jury to say whether he was the identical Little who was defendant's general agent.

The policy contained a provision that " any fraud or attempt at fraud, or any misrepresentation in proof of loss, or examination, or any false swearing, shall cause a forfeiture of all claim " upon the company. The claim of the defendant upon the trial was that any mis-statement, however innocently made, under

this provision, was a cause of forfeiture. But the judge charged the jury that under this clause in the policy a mis-statement would not avoid the policy, if it was a mere mistaken expression of opinion ; but that the mis-statement must be false and fraudulent. In this there was no error. Taking all the language used, and considering the purpose for which the clause was inserted, it cannot be supposed that for any innocent mis-statement there was to be a forfeiture.

Other exceptions have not been overlooked, but they do not deserve particular notice.

The judgment should be affirmed.

All concur.

Judgment affirmed.