Jenner, J.
This is an action upon a fire policy, issued by the Phoenix Mutual Fire Insurance Co., of Cincinnati, to J. A. Hoeffler and Benedict S. Feifenthaler, partners doing business in the name of J. A. Hoeffler & Co., and insuring a stock of cigars and leaf tobacco in Wooster.
The policy for $1,000 was dated February 23, 1880, and the stock was destroyed by fire January 28, 1881.
Hoeffler & Co. obtained a verdict, upon which judgment was entered, and the plaintiff in error seeks to reverse said judgment.
The defense relied upon was the failure by the assured to pay an assessment of $13.50, .made Dec. 1, 1880. It is averred in the answer, that the plaintiff in error is a mutual fire insurance company, organized under the laws of Ohio; that Hoeffler & Co. delivered to said insurance company a *132 premium note, a copy of which is set forth in the answer, and received the policy upon the following condition : “ If the assured neglect, for the term of thirty days, to pay any assessment made upon the premium note, when requested so to do, either by mail or otherwise, the policy of insurance given upon such note shall be null and void until such assessment be paid.” It is averred that the assessment was made, but not paid, although the assured were duly notified, and that by reason of said non-payment the policy was forfeited.
The defendants in error, in their reply, admit that the assessment was not paid, but aver that the time of payment was extended by the local agent of the company at Wooster. And for further reply, the following provision of the policy is relied upon to defeat the forfeiture: “ The assured shall, if required, submit to an examination or examinations under oath, by any person appointed by the company, touching the questions relating to the claim, and subscribe to the same when reduced to writing.” It is averred that the assured were, by the company, subjected to an examination under this provision of the policy, and that they were required to and did subscribe such examination after the loss by fire, and after the company had full knowledge of the non-payment of the assessment, and that this was a waiver of any right that may have existed to claim a forfeiture of the policy.
To these allegations of the reply a demurrer was interposed by the company, which was overruled.
During the trial, by request to charge the jury, and by exceptions to the charge as given, the insurance company made the question as to the sufficiency of these averments of waiver to prevent the forfeiture of the policy. This is the important question arising in the case, and while some other errors are assigned, which we have examined and considered, we do not deem them of sufficient importance to dwell on here, and need only say as to them, that the insurance company has no ground of complaint.
From the evidence submitted to the jury, it may be assumed that time for payment of the assessment was not extended, and the company had the right to insist upon a forfeiture for *133 neglecting to pay the same. May such forfeiture be waived, and if so, what will amount to a waiver? It is a well settled doctrine, of general application, that the law does not favor forfeitures; and that insurance companies may waive a breach of a condition in one of its policies. These conditions are often so numerous, that if the public were advised that each one would be insisted upon with but a minimum of the earnestness with which new risks are sought, the volume of business would no doubt be largely reduced. The interest of the company often demands a disregard of such conditions. And' while a waiver will not be inferred from mere silence; but if after a knowledge of facts which would authorize the company to insist upon a forfeiture, it recognizes the validity of the policy, or causes the assured to incur trouble and expense, it will be presumed, as a matter of law, that the forfeiture is waived. Webster v. Phœnix Ins. Co., 36 Wis., 67; 96 U. S., 234; May on Ins., sec. 497.
W. S. Orr, Wiley & McLlarran, for plaintiff.
John McSweeney and E. S. McDowell, for defendant.
The demurrer to the reply admits that the assured were subjected to an examination under a provision of the policy after all the facts were known to the company, and the evidence submitted to the jury justified the same conclusion. If the policy was void, the company had no right to make such examination. It could do this only by virtue of the conditions of the policy binding upon the company and the assured. By such examination, after a knowledge of the facts, the companjr recognized the validity of the policy. Titus v. Glens Falls Ins. Co., 81 N. Y., 410.
It had a remedy on the premium note upon failure to pay the assessment, and could have reduced it to judgment agid issued execution thereon, for the amount due the company. Rev. Stats., Sec. 3651.
There was no error therefore in overruling the demurrer to the reply, or in the charge as given to the jury, or refusing the charge requested.
Judgment affirmed.
Follett and Albaugh, J.J., concur.