### GIBBS v. DUTCHESS COUNTY MUT. INS. CO.

(Supreme Court, General Term, Second Department.  December 12, 1892.)

INSURANCE POLICY—BREACH OF CONDITION—WAIVER.

    In an action on a fire insurance policy it appeared that there was a condition that the policy should be void if plaintiff obtained other insurance on the property without defendant's approval, and that plaintiff had obtained such other insurance.  There was evidence that, after defendant knew of the loss, it sent to plaintiff its general agent and adjuster, who, knowing of the other insurance, stated that the company would pay the loss, and that he thereby induced plaintiff to compromise with the other insurance company. *Held,* there was evidence to justify the jury in finding a waiver by defendant of the breach of condition.

Appeal from circuit court, Orange county.

Action by Richard Gibbs against the Dutchess County Mutual Insurance Company on a fire insurance policy. From an order denying a motion for a new trial, and·from a judgment for plaintiff entered on a verdict, defendant appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Wilkinson & Cossum, (Robert F. Wilkinson, of counsel,) for appellant.

T. S. Hulse, (W. F. O'Neill, of counsel,) for respondent.

PRATT, J. This is an appeal from an order denying motion for a new trial on the minutes, and also from a judgment entered upon a verdict of a jury. The suit was based upon a policy of insurance issued by the defendant to the plaintiff. The policy contained a condition that, if the plaintiff obtained other insurance without notice to and approval by the defendant, the policy should be void. The plaintiff did procure other insurance without such consent and approval, and the policy at the time of the loss was void; but the plaintiff contended that this condition had been waived by the defendant, and that was the issue submitted to the jury. There was evidence tending to show that the defendant, after it knew of the loss, sent its general agent and adjuster to the plaintiff, and said agent stated to plaintiff that the company would pay the loss, and thereby induced the plaintiff to compromise with the other insurance·company for the loss. We are of the opinion that, under the circumstances, the agent and adjuster had power to·waive the forfeiture, and that the jury was justified in finding that he did waive it. Titus v. Insurance Co., 81 N. Y. 410.

Judgment affirmed, with costs. All concur.