(70 App. Div. 155.)

GRAY v. CHAPTER GENERAL OF AMERICA, KNIGHTS OF ST. JOHN AND MALTA, et al.

(Supreme Court, Appellate Division, First Department. March 14, 1902.)

1. INSURANCE—LIFE ASSOCIATIONS—FORFEITURES—WAIVER.
    The act of the officer of the grand lodge of an assessment life association, who is authorized to collect assessments, in receiving assessments of a local lodge after the time when the same were payable, or in issuing notices and accepting payments of future assessments, is a waiver of any forfeiture resulting from the failure of the local lodge to pay such assessments within the proper time.

2. SAME—SUSPENSION OF MEMBERS—VALIDITY.
    Where the constitution of a mutual benefit association requires members of subordinate bodies, on the suspension of such bodies, to pay assessments directly to the financial officer of the governing body, and within three months to affiliate with another subordinate body, a notice of the suspension of members for the failure of their subordinate lodge

to pay over assessments, depriving them of rights in the endowment fund, and made without giving them any opportunity to comply with the constitution, is void.

3. SAME—SUSPENSION OF SUBORDINATE BODY—VALIDITY.

Where the constitution of a mutual benefit association requires that, in case of failure of a subordinate body to pay over assessments collected from members to the governing body, a certain district official shall institute an inquiry, taking testimony on notice to the defaulting subordinate lodge, and render a judgment, and report it to the governing body, and that until such steps are taken a subordinate lodge shall not be declared dormant, and that a state of dormancy shall exist three months before the charter of the subordinate lodge shall be canceled, a notice canceling such charter, made 12 days after a notice suspending all of the members of the lodge, and without other proceedings, is void.

4. SAME—MEMBER'S SUITS—COURTS—JURISDICTION.

Equity has jurisdiction to prevent an assessment life association having an endowment fund from depriving a member of the association of his rights therein.

5. SAME.

Where the laws of an assessment life association make no provisions by which the grievances of members may be determined, a member who is aggrieved by a violation of its constitution by the grand lodge may seek legal redress without first applying to the association for relief.

6. SAME.

A complaint alleging the plaintiff is a member of defendant assessment life association, and of its supreme body, as representative of a local lodge, and that the management of the association has been wasteful and extravagant, and has violated its constitution, so as to endanger the endowment fund, and that the officers threaten to deprive plaintiff of his seat in the supreme body, states a cause of action entitling plaintiff to the protection of his right to participate in the meetings of the governing body as a member thereof, for the protection of his property interests.

Appeal from special term, New York county.

Action by William H. Gray against the Chapter General of America, Knights of St. John and Malta, and another. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

Leopold Leo, for appellants.

Justus W. Smith, for respondent.

HATCH, J. The amended complaint demands judgment that the plaintiff be adjudged a member in good standing of the defendant insurance corporation, and of the endowment department thereof; that the plaintiff's endowment certificate be adjudged to be in full force and effect so long as plaintiff continues to pay his dues and assessments to the financial chancellor of his encampment; and that the defendant corporation, its officers, subordinates, and agents, be enjoined and restrained from declaring plaintiff under suspension in the endowment department, as well as a member of the defendant corporation, and also be restrained from declaring New York Encampment, No. 43, suspended, and from taking possession thereof, and from canceling its warrants; and that the plaintiff have such other and further relief as may be just, with costs.

The complaint shows that the Chapter General of America, Knights of St. John and Malta, is a New York corporation, and a monthly assessment, co-operative insurance company; that the plaintiff is, and has been since March 31, 1888, a member in good standing in the defendant corporation, and of New York Encampment, No. 43, a subordinate body thereof, and is the holder of a certificate of insurance of defendant corporation in the sum of $2,000, payable to his wife within three months after due proof of his death; that section 88 of the constitution of the defendant corporation provides for the payment to the plaintiff on his arriving at the age of 70 years of said sum of $2,000, in five annual installments, and, in case of his death before full payment, any unpaid balance to be paid to his beneficiary; that he has duly paid all assessments and dues, and that no charges have been preferred against him; that assessments are levied by the grand chancellor upon notification to the financial chancellor of subordinate bodies called "encampments," who thereupon notifies the members to pay to him their assessments and all dues then due within 30 days from the date of the notice, and that failure to pay the same suspends the member from all rights of membership; that such suspension is not absolute, but the member may reinstate himself within 30 days thereafter by making such payment and passing a new medical examination; that nonpayment by and the suspension of an encampment does not suspend a member; that the defendant Houghtaling on March 25, 1901, issued a notice declaring the plaintiff and all the members of the plaintiff's encampment suspended for the alleged reason that the encampment had failed to pay to the grand body assessments Nos. 221 to 228, inclusive, although the plaintiff had paid the same to the financial chancellor of his encampment, to which financial chancellor, under the constitution of the defendant corporation, the members of the encampment are required to pay their assessments, and who is required to give a receipt therefor to the member so paying, and that the moneys so collected do not go into the encampment treasury, but are to be paid by the financial chancellor direct to the grand chancellor, and that all assessments so paid by the plaintiff have been paid or tendered to the grand chancellor; that the notice declaring the encampment suspended was followed on April 6, 1901, by a notice declaring the warrant of the encampment canceled because the encampment had failed to pay assessments 221 and 222; and that it had been suspended therefor for three months, and had not reinstated itself. The complaint shows that these assessments had been paid, although not in due time, and that provisions of the constitution requiring that in such a case there must be prompt notice of any default on the part of the financial chancellor, an investigation of the matter, and thereupon the encampment declared dormant, and that the state of dormancy exist three months before an encampment warrant can be declared canceled, had not been complied with, and that the defendants had waived any default by continuing to direct the collection of assessments from the members; that the supreme body of the defendant corporation, called the "Chapter General," meets annually in September; that said supreme body consists of its own officers and past grand commanders of good standing, and of elected representatives

from the subordinate bodies called "encampments," of which representatives plaintiff was one; that at a meeting of said supreme body its managing board is elected, salaries of officers determined, financial reports made for its approval or disapproval, and amendments to the constitution or other internal legislation passed. Plaintiff charges mismanagement on the part of the officials, and that the alleged cancellation of the warrant of his encampment was not in good faith, but for the purpose of preventing plaintiff and others from his encampment who objected to the mismanagement from attending the annual meeting of the supreme body and exposing their misdeeds.

The notice of the suspension of the members of the encampment which was given by the grand chancellor recited as a reason therefor failure to remit assessments from 221 to 228. The averment of the complaint is that Nos. 221 and 222 were paid by the financial chancellor of the encampment to the grand chancellor, and that the latter gave his receipt therefor. The payment was not made in the time required by the constitution, but it was competent for the grand chancellor to accept the same; and such acceptance constituted a waiver of the right to insist upon the forfeiture, assuming it to have been incurred by such failure. Titus v. Insurance Co., 81 N. Y. 410; Martin v. Association, 61 Hun, 467, 16 N. Y. Supp. 279. It is clear, therefore, that this notice, so far as it was based upon failure to pay assessments 221 and 222, was ineffectual, as they had been paid. The notice was also ineffectual because it assumed to suspend the members from the benefit of the endowment department. This was in violation of the terms of the constitution, for by section 79 they, not being in any default themselves in payment of assessments, were authorized to pay thereafter to the grand chancellor, and affiliate with another body. The grand chancellor not only waived default in the payment of assessments Nos. 221 and 222, but he also issued notices to the encampment for the collection of 223 and 224, which were collected by the financial chancellor, and not paid over. Instead of then suspending the encampment for this act, or taking steps as provided by the constitution, he issued to the suspended encampment, which had elected a new financial chancellor in place of the defaulting officer, assessment notices Nos. 227 to 232, all of which were paid by the plaintiff to the financial chancellor, to whom they were issued by the grand chancellor. There was therefore a recognition upon the part of the grand chancellor that the encampment was authorized to collect these assessments, and his command, as well as that of the constitution, was to pay such assessments to the officer who had been authorized to collect the same. It is therefore apparent that the grand chancellor had no authority under the constitution to issue assessments which the members were required to pay, and then, upon payment as commanded, suspend them for failure to do something else, which by his own act had been waived. As the notice of the suspension of the encampment was based upon the first notice suspending the members, it is evident that it was ineffectual for the purpose which it sought to accomplish, as it was not authorized by law, and the acts of forfeiture had been waived. In addition to this, it was provided by the constitution that, upon default of an encampment to make payment as prescribed, authority was vest-

ed in the district deputy to make an inquiry into the matter, take testimony upon notice to the defaulting encampment, render a judgment, and report the same to the grand commander, and, until such steps are taken, an encampment may not be declared dormant. When an encampment is declared dormant after these proceedings have been had by the district deputy, then a member not otherwise in default is given opportunity to pay his assessment to the grand chancellor, or to an officer appointed for that purpose by the district deputy, and has three months thereafter to affiliate with another encampment. It is the averment of the complaint that compliance was not had with any of these provisions of the constitution, in consequence of which it is clear that the grand chancellor could not deprive this plaintiff of his rights in the endowment fund. Equity has jurisdiction of such matter, and may interpose to protect the party's rights. Meyer v. Insurance Co., 73 N. Y. 516, 29 Am. Rep. 200. The rule that members must seek redress in the first instance under the provisions of the laws of the association for the redress of grievances has no application to such a state of facts. It does not appear that there are any such provisions, and, so far as the constitution is concerned, the complaint shows that it has been violated by the defendants, in consequence of which he could have no redress, except by resort to legal remedies.

We are also of opinion that the complaint states a good cause of action respecting the right of the plaintiff to representation in the convocation of the supreme body. It appears that such a body is the general governing body of the order, and that the officers constituting the same threaten to deprive the plaintiff of a seat and voice therein, he being entitled thereto; that the management of the affairs of the corporation has been wasteful, extravagant, and in violation of the constitution; and that such acts seriously affect the integrity of the endowment fund; and that if such management is continued the value of plaintiff's certificate will be materially reduced, if not wholly destroyed. The encampment of which the plaintiff is a member is entitled to representation, unless it forfeits its right thereto, and is, in the manner provided by the constitution, duly and legally suspended and declared dormant for such acts of forfeiture. Undoubtedly a cause of action would exist in its favor for the protection of its rights as an encampment, but such fact does not deprive the plaintiff of his rights. The matters averred in the complaint show that he has a property interest, which is not only jeopardized by the attempted suspension of his right to benefits therein, but is also jeopardized by the wasteful and extravagant management of the officers of the corporation. By reason of his election to representation in the grand convocation, he has a means to protect his property interest in the endowment fund, by taking steps therein to prevent mismanagement and waste. If he be deprived of such right, his opportunity to protect his property interests in this respect is lost, and, as the laws of the order confer upon him the right to be heard in the convocation, a deprivation of such right clearly affects his individual property rights and interests. The same equitable principle which protects him from suspension of all right in the endowment fund also protects him in his right to assert and vote for the maintenance of the integrity of the

fund, and to prevent wasteful and extravagant raids thereon. It is evident, therefore, that this complaint states a cause of action.

The interlocutory judgment should therefore be affirmed, with costs, and leave given to the defendants to withdraw the demurrer and answer within 20 days, on the payment of costs in this court and in the court below. All concur.