## MUNCH v. ALBRECHT.

(Supreme Court, Appellate Division, Second Department. June 5, 1908.)

INSURANCE—MUTUAL BENEFIT INSURANCE—ASSESSMENTS—REINSTATEMENT—WAIVER OF OBJECTIONS.

The Constitution of an insurance society provides that any member in arrears for dues or assessments for eight weeks is suspended from benefit, but, if the member within two weeks from such suspension places himself within the eight-week limit, and remains within such limit for ninety days from date of suspension, he shall be restored to his previous rights. Plaintiff's intestate neglected to pay his dues from November 10, 1906, to January 19, 1907, but on the latter date paid in advance an amount sufficient to meet his dues until April 6, 1907, and on February 24, 1907, intestate died. Held, that the purpose of the provision was not to insure or require that a member should live for a period of 90 days after date of suspension in order to become in good standing, but that his dues should not fall in arrears during that period, and, when intestate made the advance payments on his suspension, the society by accepting them made it impossible for him to fall in arrears during the succeeding 90 days, and thereby waived their right to contest plaintiff's claim.

Appeal from Trial Term, Kings County.

Action by Mary Munch, individually, and as administrator of the goods of Charles Munch, deceased, against David Albrecht, as president of the Cigar Makers' International Union of America, Local Union No. 149. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

Morris Hillquit, for appellant.

William W. Butcher (Wm. M. Moore, on the brief), for respondent.

JENKS, J. I think that this judgment must be affirmed. Only one question presented by the appeal need be noticed. The plaintiff sues as the widow and administratrix of her husband to recover a benefit payable to her after her husband's death by virtue of his membership in the society represented by the defendant, its president. Section 73 of the constitution of the society, so far as pertinent, reads:

"Any member in arrears for dues or assessments for eight weeks stands suspended from benefit. If the member within two weeks from such suspension places himself within the eight-week limit and remains within such limit for ninety days from date of suspension, he shall be restored to his previous rights. Failing to comply with the above, he shall stand suspended from the union."

This member neglected to pay his dues from November 10, 1906, until January 19, 1907. On that day he paid such an amount as was sufficient to meet his dues until April 6, 1907. Thus having been suspended from benefits he, within two weeks thereafter, brought himself within the 8-week limit, and also by his advance payment kept himself within that 8-week limit for 90 days thereafter, for the 90 days expired on April 19th, and, as his dues were paid in advance until April 6th, he could not, of course, between April 6th and April 19th have fallen outside an 8-week limit. But this member died on February 24th, and the contention of the defendant is that the member did not keep within the 8-week limit for 90 days. The purpose of this provision is not to insure that the member should live for a period of 90 days, but that his dues should not fall into arrears during that period. This member met that condition by his advance payments, which, when accepted by the society, made it impossible for him to fall into arrears for any 8 weeks during the 90 days. And, by the acceptance of the dues in advance so as to make this condition impossible, I think that the defendant waived any right which it had to contest the claim upon section 73 of the constitution. Titus v. Glens Falls Insurance Company, 81 N. Y. 410; Herman on Estoppel and Res Judicata, § 1206; Bacon on Benefit Societies and Insurance, § 431.

The judgment is affirmed, with costs. All concur.