ALBERT SUETTERLEIN, Plaintiff, *v.* NORTHERN INSURANCE COMPANY OF NEW YORK, Defendant.

Supreme Court, Broome County, September 16, 1927.

Insurance — fire insurance — action to recover on policy issued on automobile — defenses of misrepresentation that automobile was new and that plaintiff was not owner are not sustained — defenses that other insurance was obtained and that plaintiff made false representations in proof of loss are sustained — defense of change of ownership not established — waiver of breach of conditions not shown.

This is an action to recover on a policy of fire insurance issued on an automobile. The plaintiff purchased the automobile on a conditional contract of sale which was assigned to a finance corporation and that corporation applied for the insurance. The automobile was purchased in the plaintiff's name although his wife contributed a part of the down payment. The defense that the plaintiff falsely represented that the automobile was new, whereas in fact it was a demonstration automobile, is not sustained since it appears that there was no intent on the part of the plaintiff to deceive the defendant in that respect and that the application for insurance was presented by the finance corporation.

The defense that the plaintiff was not the sole owner of the automobile at the time the policy was issued is not supported by the evidence, for while it does appear that the plaintiff's wife contributed some money toward the down payment, the automobile was purchased in the plaintiff's name and was considered by both plaintiff and his wife as belonging to the plaintiff.

However, the plaintiff cannot recover on the policy since he has violated a clause providing that if at the time of the loss there is any other insurance no recovery can be had under the policy.

A violation of that clause is shown by the evidence which establishes that the plaintiff and his wife applied for insurance in another company and that such insurance was issued in the name of the plaintiff's wife as owner and with the knowledge and consent of the plaintiff. Even though the second policy were held to be void its issuance with the plaintiff's knowledge voided the defendant's policy.

A statement made in the plaintiff's proof of loss to the effect that no other insurance had been issued was, under the circumstances, a false statement and rendered the policy void.

The defense that there was a change of ownership from the plaintiff to his wife is not proven by evidence that, the plaintiff consented to the issuance of a policy in the name of his wife as owner.

The defendant did not waive a breach of the conditions of the policy by paying to the finance corporation the amount due it from the plaintiff.

ACTION to recover loss under automobile fire insurance policy.

*Jenkins, Deyo & Hitchcock,* for the plaintiff.

*Hinman, Howard & Kattell,* for the defendant.

RHODES, J.    Plaintiff seeks to recover under a policy of insurance issued by the defendant upon an automobile which the plaintiff purchased from J. F. O'Connor Sales Company of Syracuse, N. Y., on or about the 12th day of October, 1925.    The property was purchased under a conditional sales contract by which the title remained in the vendor, the sales company, until paid for.    The amount of the purchase price included a sum to pay the premium on a policy of insurance which was procured for the plaintiff by the sales company from the defendant, and the policy was issued and dated October 12, 1925, loss payable to plaintiff.    The policy recited that the amount unpaid was the sum of $325, and that any such loss under this policy that might be proved due the assured shall be paid the assured and the Oneida Finance Corporation of Oneida, N. Y.    It appears that it was the custom of the vendor to assign its contracts to said Oneida Finance Corporation.    The automobile was purchased in plaintiff's name but it appears by the testimony of himself and his wife that both he and his wife contributed money which was applied in making its purchase.    Some time after the issuance of the policy in question, plaintiff and his wife applied to an agent of the Baltimore American Insurance Company for insurance upon the car and instructed the agent to issue said policy in the name of plaintiff's wife, and such policy was thereupon issued to the knowledge and with the consent of plaintiff.    Thereafter and on January 1, 1926, the automobile was totally destroyed by fire.    Plaintiff filed a proof of loss with the defendant and a proof of loss was also filed with the Baltimore American Insurance Company relative to said loss.    Defendant has paid to the Oneida Finance Corporation the balance of $270.84 owing under the conditional sales contract, and has taken an assignment of said conditional sales agreement.

Defendant, by its answer, denies liability upon several grounds, one being that the policy by its terms provides that it shall be void unless otherwise provided by agreement in writing added thereto: If the interest of the assured in the subject of this insurance be or become other than unconditional and sole ownership; that plain-

tiff at the time the policy was issued was not the sole owner but that his wife, Stella Suetterlein, became, before the loss, owner in whole or in part of said automobile. As a separate defense the answer alleges that defendant was induced to issue the policy by false statements and warranties made to defendant by plaintiff to the effect that said automobile was new, whereas in fact said automobile was not new but had been used as a demonstrating car to the knowledge of the plaintiff. For a further defense the answer alleges that the policy provided that no recovery shall be had hereunder " if at the time a loss occurs there be any other insurance covering such loss, which would attach if this insurance had not been effected," and alleges that at the time the loss occurred there was other insurance covering said automobile. For a further defense the answer alleges the requirement in the policy that plaintiff should make proof of loss within sixty days thereafter under oath; that plaintiff did furnish such proofs of loss which were false in that the plaintiff represented that there had been no other insurance on said automobile and that no person other than the plaintiff had any interest therein and that the said automobile was new; that the actual loss was $1,923.24, and that nothing had been done by plaintiff or with his consent to violate the conditions of the policy or render it void, and that all of said statements were false.

In the application made for the insurance a statement was made that the automobile was new. This application was presented to the defendant by the finance corporation and plaintiff had no knowledge of what the application contained. Certain data was furnished to the insurance company and the insurance company therefrom made up the policy. There was apparently no intention to mislead or deceive the insurance company and nothing done in this respect should be charged against the plaintiff. Neither do I think the defendant should prevail upon its claim that the plaintiff was not the owner of the automobile at the time the policy in question was issued. While plaintiff and his wife apparently contributed their money to a common fund with which the automobile was purchased, it was purchased in plaintiff's name and recognized by both plaintiff and his wife as plaintiff's automobile. I think, therefore, the policy was valid in its inception.

A more serious question is presented relative to the procuring of other insurance upon the car. The policy provided, among other things: " No recovery shall be had under this policy, if at the time a loss occurs there be any other insurance covering such loss, which would attach if this insurance had not been effected." It may be conceded that plaintiff was the sole owner of the property when defendant's policy was issued. Nevertheless, plaintiff, with

his wife, applied to the Baltimore American Insurance Company for insurance and procured such insurance to be issued in the name of the plaintiff's wife. Regardless of what was said by plaintiff and his wife to the agent of the Baltimore American Insurance Company, the fact remains that the policy was issued with their knowledge to Mrs. Suetterlein as owner. So far as the Baltimore American Company is concerned, I think plaintiff is estopped from questioning the facts he there asserted. It may be that the Baltimore American Insurance Company might disavow its liability under the policy, but if it saw fit to waive any question as to such objections and recognize its liability, so far as plaintiff and his wife are concerned they should be compelled to abide by the facts as they represented them. I think it must be held that other insurance was procured upon the automobile with the knowledge and consent of the plaintiff, and even though this subsequent policy might be void or voidable, its procurement with the knowledge and consent of the plaintiff voided the defendant's policy. (See *Bigler* v. *New York Central Insurance Co.*, 22 N. Y. 402; *Sanders* v. *Cooper*, 115 id. 279; *Allen* v. *German American Insurance Co.*, 123 id. 6; *Carpenter* v. *Providence Washington Insurance Company*, 16 Pet. 495.) For the same reason I think the statement made by plaintiff in his proofs of loss to the effect that no other insurance had been issued upon the property in question was a false statement and also rendered the policy void. I think, therefore, that the plaintiff cannot succeed for the reason that after the issuance of defendant's policy plaintiff caused or permitted other insurance to be issued upon the property and made false statements in his proof of loss declaring that there was no other insurance on the car, the policy providing that any false swearing by the assured relative to the insurance, whether before or after the loss, should render the policy void.

I do not think the defendant has established its defense of a change of ownership of the property. It is true that plaintiff consented to the issuance of a policy in the name of his wife as owner. While this act on his part might be construed as an admission against his interest, it does not appear that there was any change in the situation relative to the title to the automobile as between himself and his wife except their acts in procuring the insurance in her name. Their conduct may preclude them from denying that other insurance was issued on the car, but I do not think it sufficient to establish a change of ownership within the meaning of the terms of the policy.

Plaintiff further claims that the defendant had waived any breach of the conditions of the policy by paying to the finance

corporation the amount due said corporation from plaintiff upon the car. In *Armstrong* v. *Agricultural Ins. Co.* (130 N. Y. 560, 564) the court discusses the question of waiver as follows: "The rule is now established, however, that if in any negotiations or transactions with the assured after knowledge of the forfeiture, it recognizes the continued validity of the policy, or does acts based thereon, or requires the insured to do some act or incur some trouble or expense, the forfeiture is waived. *Titus* v. *Glens Falls Ins. Co.*, 81 N. Y. 410; *Roby* v. *Am. Central Ins. Co.*, 120 id. 510; *Pratt* v. *Dwelling House Mut. Ins. Co.*, 41 N. Y. St. Repr. 303. While the later decisions all hold that such waiver need not be based upon a technical estoppel, in all the cases where this question is presented, where there has been no express waiver, the fact is recognized that there exists the elements of an estoppel. (*Brink* v. *Hanover Fire Ins. Co.*, 80 N. Y. 108–112; *Goodwin* v. *Mass. Mut. Life Ins. Co.*, 73 id. 480; *Prentice* v. *Knickerbocker Life Ins. Co.*, 77 id. 483.)"

Having this rule in mind I do not think it can be said that the defendant has waived its right to claim the policy void. Whatever the defendant did in making payment to the finance corporation, it did not put the plaintiff to any additional trouble nor expense, nor to any disadvantage.

For the reasons stated, plaintiff's complaint should be dismissed, with costs.