Robert O. Brink, J.
On August 1, 1962, this court rendered a decision denying the application of the above-named petitioner for an order to stay arbitration under section 1458-a and 49 of the Civil Practice Act on the ground that the Statute of Limitations expired before petitioner received a demand to arbitrate. The petitioner also moved to stay arbitration proceedings on the ground that the respondents had failed to serve a verified notice of claim within 30 days pursuant to the provisions of the policy.
On the latter question, the court reserved decision pending a hearing. Such a hearing was held on August 28, 1962r attended by counsel for both parties. Proof was submitted by the respondents from which this court finds as follows:
1. That on August 19, 1958, respondent Willard Holbert notified by telephone Mr. Commodore P. Seger, the Nationwide agent from whom the policy was purchased, of the occurrence of the collision and the resulting injuries to respondent Blanche Holbert.
2. That after August 19,1958, and prior to September 2, 1958, Mr. Wilson, a Nationwide adjuster, made a telephone call to respondent Willard Holbert asking, that the hills for medical *787 care and treatment of respondent Blanche Holbert be sent to petitioner after the discharge of the said Blanche Holbert.
3. That after August 19,1958, and prior to- September 2,1958, respondent Willard Holbert, having heard of uninsured hit-run coverage, made a telephone call about such coverage to the said Mr. Wilson who expressed doubt that respondents had such coverage.
4. That immediately thereafter respondent Willard Holbert called Mr. Seger, the Nationwide agent, who said that respondents did indeed have such coverage and that he had so advised Mr. Wilson.
5. That about a week after September 2, 1958, when she was discharged from hospital care, respondent Blanche Holbert was interviewed at her home by the said Mr. Wilson concerning the circumstances of the accident and her injuries.
6. That approximately one month after the accident respondent Blanche Holbert, at the request of the said Wilson, signed certain blank forms which Wilson said were necessary to process the claim qf respondent and to be filled in later by Wilson.
7. That from the time of her first interview with the said Wilson in September of 1958 through to and including February of 1960, respondent Blanche Holbert and the said Wilson were in touch with each other concerning the injuries and condition of the said Blanche Holbert about once a month either by telephone or by interview at the Holbert home.
8. That at some time during the year of 1959 and probably during the Summer thereof, respondents Blanche Holbert and Willard Holbert and the said Mr. Wilson conferred at the home of respondents concerning the possibilities of settlement, that the said Wilson stated that they had $10,000 hit-run coverage, that he wanted to know how much they wanted to settle, that they responded $3,000, and that the said Wilson said he thought $3,000 was too much but that he would submit it to his Syracuse office and be in touch with them.
9. That on August 19,1959, at the request of the said Wilson, respondent Blanche Holbert submitted to an examination by Dr. Colella on behalf of Nationwide pursuant to Condition No. 2 of the aforesaid uninsured motorists’ coverage.
Under these circumstances, it is the decision of this court that any breach of the condition of the insurance policy requiring verified notice of claim has been waived as a matter of law. (Titus v. Glens Falls Ins. Co., 81 N. Y. 410, 419 [1880]; Foster v. Yorkshire Ins. Co., 255 App. Div. 829 [4th Dept., 1938]; Allstate Ins. Co. v. Altman, 21 Misc 2d 162 [1959]; Ellis v. *788 Columbian Nat. Life Ins. Co., 270 App. Div. 143, affd. 296 N. Y. 594_ .)
_ The petitioner was in no way prejudiced by the failure of respondent to servé notice of verified claim, and after learning of respondent’s accident, investigated the, same, negotiated with the respondents and requested and arranged for a physical examination of the respondent, Blanche Holbert, to which she submitted.
It is the decision of this court that petitioner’s motion should uoav be denied on all grounds, Avith $10 costs of the motion aAvarded to the respondent.