PUSEY & JONES CO. v. KATES et al. (Supreme Court, Appellate Division, First Department. June 25, 1909.) Action by the Pusey & Jones Company against Norbert B. Kates, impleaded. No opinion. Motion denied, with $10 costs. Order filed.

RADLEY, Appellant, v. STEEL CABLE ENGINEERING CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. July 6, 1909.) Action by Richard Radley against the Steel Cable Engineering Company. No opinion. Judgment affirmed, with costs.

RADLEY, Appellant, v. STEEL CABLE ENGINEERING CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. October 20, 1909.) Action by Richard Radley against the Steel Cable Engineering Company. No opinion. Motion for leave to appeal to Court of Appeals denied, with $10 costs. See, also, supra.

RANSOM, Respondent, v. BROWN, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 20, 1909.) Action by Washington H. Ransom against Romeyn Brown. No opinion. Judgment and order affirmed, with costs.

REDFERN et al., Appellants, v. DE MUND et al., Respondents. (Supreme Court, Appellate Division, Second Department. June 22, 1909.) Action by Arthur E. Redfern and another against John E. De Mund and others. No opinion. Interlocutory judgment affirmed, with costs.

REED, Respondent, v. FARRAND et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. July 6, 1909.) Action by Albert Reed, as administrator, etc., against Edrick Farrand and another. No opinion. Judgment and the intermediate orders appealed from affirmed, with costs, and order denying motion for resettlement of case affirmed, with $10 costs.

REED, Respondent, v. TONKIN, Appellant. (Supreme Court, Appellate Division, Second Department. October 12, 1909.) Action by Mary Reed against Nathaniel Tonkin. No opinion. Judgment of the Municipal Court affirmed, with costs.

REILLY, Appellant, v. CITY OF NEW YORK et al., Respondents. (Supreme Court, Appellate Division, First Department. July 13, 1909.) Action by Charles Reilly against the City of New York and others. A. F. Murray, for appellant. T. Connoly, for respondents. No opinion. Judgment affirmed, with costs. Order filed.

REISER v. MOSS et al. (two cases). (Supreme Court, Appellate Division, First Department. June 11, 1909.) Action by Ely J. Reiser against Isaac Moss and another. No opinions. Motions granted. Orders filed.

REXFORD et al., Respondents, v. TANNER, Appellant. (Supreme Court, Appellate Division, Fourth Department. July 6, 1909.) Action by Everett A. Rexford and others against Walter Tanner. No opinion. Judgment affirmed, with costs.

RICHARD, Respondent, v. MATHEWS, Appellant. (Supreme Court, Appellate Division, Second Department. June 4, 1909.) Action by Louis Richard against Gustave X. Mathews. No opinion. Motion for leave to appeal to the Court of Appeals denied, without costs.

RICHARDS v. KINDONER et al. (Supreme Court, Appellate Division, Third Department. June 24, 1909.) Action by Alfred Richards against Virginia Kindoner and others. No opinion. Interlocutory judgment affirmed, with costs.

RICHARDSON, Respondent, v. SYRACUSE UNIVERSITY, Appellant, et al. (Supreme Court, Appellate Division, Fourth Department. July 6, 1909.) Action by Leona E. Richardson against the Syracuse University, impleaded. No opinion. Interlocutory judgment affirmed, with costs, with leave to appellant to plead over within 20 days upon payment of the costs of the demurrer and of this appeal.

RINGHEIM, Respondent, v. SCHLICHTEN, Appellant. (Supreme Court, Appellate Division, First Department. June 25, 1909.) Action by Jacob Ringheim against George W. Schlichten. J. N. Daley, for appellant. S. D. Lasky, for respondent. No opinion. Order modified, by confining examination of defendant to the cause of action set forth in the complaint, and, as so modified, affirmed, without costs. Order filed.

In re RITTER PLACE. (Supreme Court, Appellate Division, First Department. October 15, 1909.) In the matter of Ritter Place. No opinion. Application granted. Settle order on notice.

ROBERTS, Appellant, v. ERIE R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. October 12, 1909.) Action by Carl D. Roberts, by Ezra Roberts, his guardian ad litem, against the Erie Railroad Company. No opinion. Judgment modified, by striking out the words "on the merits," and, as so modified, unanimously affirmed, without costs.

ROBINSON, Respondent, v. CONSOLIDATED GAS CO., Appellant. (Supreme Court, Appellate Division, First Department. October 22, 1909.) Action by Anne Robinson, as administratrix, against the Consolidated Gas Com-

pany. T. G. Strong, for appellant. E. F. Brown, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed. See, also, 125 App. Div. 914, 109 N. Y. Supp. 1144.

ROBINSON, Respondent, v. INSURANCE CO. OF NORTH AMERICA, Appellant. (Supreme Court, Appellate Division, Second Department. June 11, 1909.) Action by Edgar Robinson against the Insurance Company of North America. No opinion. Motion to resettle order granted, without costs. See, also, 129 App. Div. 1, 113 N. Y. Supp. 105.

ROCKAWAY PARK IMPROVEMENT CO., Limited, Respondent, v. STARKE, Appellant, et al. (two cases). (Supreme Court, Appellate Division, Second Department. June 18, 1909.) Action by the Rockaway Park Improvement Company, Limited, against Andrew Starke and others. No opinion. Order affirmed on argument, with $10 costs and disbursements.

ROM et al., Appellants, v. WALLACH, Respondent. (Supreme Court, Appellate Division, Second Department. October 12, 1909.) Action by Morris Rom and another, etc., against Joseph Wallach.

PER CURIAM. Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the event, on the ground that neither on pleading nor proof is the action within the purview of section 139 of the Municipal Court act (Laws 1902, p. 1533, c. 580).

HIRSCHBERG, P. J., dissents.

ROOD, Appellant, v. BANK OF CATTARAUGUS, Respondent. (Supreme Court, Appellate Division, Fourth Department. September 29, 1909.) Action by Charles D. Rood against the Bank of Cattaraugus.

PER CURIAM. Order affirmed, with $10 costs and disbursements.

SPRING, J., not sitting.

In re ROSE. (Supreme Court, Appellate Division, Second Department. October 23, 1909.) In the matter of the application of Emil Rose. No opinion. Order of the Special Term affirmed, without costs.

ROSENBAUM, Appellant, v. STIEBEL et al., Respondents. (Supreme Court, Appellate Division, First Department. October 15, 1909.) Action by William A. Rosenbaum against Samuel J. Stiebel and others. With this case has been consolidated in this court cases bearing titles as follows: Clarence L. Barber, Respondent, v. Charles H. Ellingwood et al., Appellants; Henry Margolin, Appellant, v. Hyman Margolin et al., Respondents; Magdalena Scheu, Respondent, v. Jacob Blum, as Adm'r, Appellant. No opinions. Motions denied, with $10 costs. Orders filed.

ROSENBERG, Respondent, v. GITTELSON, Appellant. (Supreme Court, Appellate Division, Second Department. October 15, 1909.) Action by Charles Rosenberg against Samuel Gittelson. No opinion. Motion to dismiss appeal granted, with costs. No ground for appeal is indicated in the appellant's papers.

ROSENBERG v. ROSENBERG. (Supreme Court, Special Term, New York County. September 13, 1909.) Divorce action by Maurice Rosenberg against Bertha Rosenberg, sometimes known as Bertha Rotenberg, sometimes known as Bertha Rose. Motion by defendant to set aside judgment of divorce and for leave to answer. Motion granted. Isador Scherer (Louis Goldberg, of counsel), for the motion. Warren Leslie, opposed.

GIEGERICH, J. This case is an extraordinary and distressing one. The plaintiff procured a divorce from the defendant upon the ground of her alleged adultery. She was living in Russia at the time, and service of the summons and complaint was made upon her by publication and by mailing a copy thereof to her at her alleged address in Russia. After the final judgment of divorce was obtained, on the 21st day of March, 1907, the plaintiff married another woman, who, at the time the motion was made, was pregnant with child. The defendant has now returned to this country, and moves to vacate and set aside the decree of divorce and for leave to interpose an answer, asserting her innocence of the charge of adultery and claiming that she had no knowledge of the action against her for a divorce until after her return to this country in October, 1908, and shortly before she brought on this notice. The affidavits are numerous, and some of them voluminous, and are flatly contradictory on many plain points of fact, to such an extent that it is extremely difficult to reach a conclusion as to where the truth lies as to most of such matters. I am satisfied, however, upon the whole case, that the defendant had no knowledge of the existence of the action at the time it was in progress. The most damaging and significant fact against the plaintiff is his testimony, given before the court at the time his case was heard, that there was no issue of the marriage. As a matter of fact there were and are two children. He himself had seen the elder one, and had knowledge of the existence of the other one, as is plainly shown by his letters to the defendant, in which he mentions such second child. His excuse now is that he believed at the time of the hearing that there never had been any second child born, and that the first child had died; but the reasons he advances for this alleged belief and for the positive testimony he gave are unsubstantial and unsatisfactory to a degree. It will be a hard case for the innocent woman who subsequently married the plaintiff if the defendant succeeds in her resistance to the divorce action; but it would be a still harder case for the defendant, if she be in truth guiltless, if the present judgment should be allowed to stand and she deprived of any opportunity to prove her innocence and establish her mari-