CAPITAL FIRE INSURANCE COMPANY *v.* SHEARWOOD.

Opinion delivered July 6, 1908.

FIRE INSURANCE—PROVISION AGAINST INCUMBRANCES—WAIVER—Where a fire insurance policy is issued, and the premium is paid, and afterwards the assured violates the provision of the policy against incumbrances, which creates a forfeiture, the insurer, having no knowledge of the forfeiture until after the loss occurs, does not waive same by merely failing to return the premium before suit is brought to recover the amount of the policy; nor is it precluded by such failure from setting up the forfeiture in defense of the suit.

Appeal from Clay Circuit Court, Western District; *Frank Smith,* Judge; reversed.

STATEMENT BY THE COURT.

This is a suit on a policy of fire insurance. The policy was for $1,000 on a certain barn and its contents. The premium was paid when the policy was issued. The policy contained this provision:

"If the buildings be on land which now is or shall become incumbered by mortgage or otherwise, or shall become any other or less than a perfect legal and equitable title and ownership, free from all liens whatever, * * * * * * * this policy shall be absolutely null and void."

The defense was that the plaintiff, without the knowledge or consent of the defendant, after the policy was issued and the premium was paid, mortgaged the property insured to the amount of $800. The fire occurred March 10, 1906. Suit was begun on the policy July 26, 1906.

The appellee concedes that there was a forfeiture of the policy by reason of an incumbrance of the property insured after the issuance of the policy and payment of the premium, but contends that appellant waived the forfeiture by retaining the premium, and not offering to return same until after the suit was brought. Appellant in its answer tendered the premium to appellee, and set up that it had no knowledge of the forfeiture until some time after the loss occurred, and contends that its failure to return or to offer to return premium paid does not preclude its defense of forfeiture on account of the breach of the conditions of the policy alleged and conceded by appellee.

A judgment was entered against appellant in the sum of $900, from which this appeal was duly prosecuted.

*C. S. Collins*, for appellants.

Where the premium on a fire policy was paid by insured on delivery of policy, the insurer's failure to return such premium before action brought does not amount to a waiver or estoppel of the right to forfeit the policy for non-compliance by the insured with the positive terms of the policy. 28 Cent. Dig. Insurance, § § 1041-1055; 146 Fed. 695-6; 92 *Id.* 503-8; 95 *Id.* 358-362; 37 C. C. A. 96; 16 Am. & Eng. Enc. L. (2 Ed.) 939, and cases cited.

*J. L. Taylor* and *G. B. Oliver*, for appellees.

A failure to return a premium paid, or the unearned portion thereof, by an insurer after discovery of the right to forfeit the policy operates as a waiver of the forfeiture. 19 Cyc. 798; 45 N. W. 708; 56 L. R. A. 233; 33 So. 504; *Id.* 506; 106 N. W. 1004; 54 Cal. 427; 46 Atl. 777; 49 *Id.* 155; 64 Pac. 814.

WOOD, J., (after stating the facts). Where a fire insurance policy is issued, and the premium is paid, and afterwards the assured violates the provisions of the policy against incumbrances, which creates a forfeiture, the insurer, having no knowledge of the forfeiture until after the loss occurs, does not waive same by merely failing to return the premium before suit is brought to recover the amount of the policy; nor is it precluded by such failure from setting up the forfeiture in defense of the suit. *Kentucky Vermillion Mining & Concentrating Co.* v. *Norwich Union Fire Ins. Soc.,* 146 Fed. 695; *U. S. Life Ins. Co.* v. *Smith,* 92 Fed. 503, 34 C. C. A. 506; *Georgia Home Ins. Co.* v. *Rosenfeld,* 95 Fed. 358, 37 C. C. A. 96; 16 Am. & Eng. Enc. L. p. 939 and cases cited. See *Titus* v. *Glens Falls Ins. Co.,* 81 N. Y. 410; *Gibson Electric Co.* v. *Liverpool & L. & G. Ins. Co.,* 159 N. Y. 418.

In such cases the insurer has done no affirmative act recognizing the validity of the policy, notwithstanding the forfeiture, and has done nothing to deceive, or to increase the burdens of, the assured. Therefore the doctrines of waiver and estoppel cannot be invoked against the appellant, under the conceded facts of this record. *Queen Ins. Co.* v. *Young,* 86 Ala. 424; *Ala. State Mutual Assurance Co.* v. *Long Clothing & Shoe Co.,* 123 Ala. 667. See, also, *Sun Mut. Ins. Co.* v. *Dudley,* 65 Ark. 240.

The judgment for the error indicated. is reversed; and the cause is dismissed.