SPERR *v.* EAST & WEST INSURANCE COMPANY.

4-5735 135 S. W. 2d 327

Opinion delivered January 8, 1940.

*Fred H. Stafford* and *Walter N. Killough,* for appellant.

*H. P. Maddox* and *Bartels & Bartels,* for appellee.

McHANEY, J. On July 15, 1937, appellee issued its three year, $2,000 policy of fire insurance to appellant, covering personal property located at 1417 Monroe avenue, Memphis, Tennessee, which was the residence of herself and husband, but the latter was engaged in business in West Memphis, Arkansas. Mr. Sperr made application to the United Insurance Agency of West Memphis, hereinafter called United, for insurance on his wife's household goods and other personal property in Memphis, and the above mentioned policy was issued by appellee's Memphis agent, John D. Kelly; it being conceded that the United was not the agent for appellee in Arkansas or elsewhere, insofar as having been appointed by it, nor did it have any blank policies or other blanks of appellee. Kelly issued the policy at the request of United who collected the premium and remitted to Kelly, and the policy was sent to United and delivered to Mr. Sperr by it.

A few months after the date of the policy, appellant moved from Monroe avenue to 1916 Central avenue, Memphis, and sometime thereafter Sperr wrote United that it appeared his wife had no insurance since the change in address and asking what was necessary to reinstate the policy. Sperr delivered the policy to United and it had Kelly attach a rider thereto covering the property in the new location.

On or about September 1, 1938, Sperr and appellant moved to Marked Tree, Arkansas, and on November 7, 1938, Sperr wrote United the following letter:

"Marked Tree, Arkansas,
"November 7, 1938.
"The United Insurance Agency,
"West Memphis, Arkansas.
"Dear Sirs:
"I wish you would cancel the insurance on our furniture as of September first as we moved from 1916

Central avenue to Marked Tree on that date and by the terms of the policy the insurance could not apply at the new location.

"I am really ashamed of myself for not paying the auto premium sooner, but I *hope* you can go along with me a little longer as I am finishing up some work which will enable me to take care of this.

"Yours truly,

"P. S. I will be glad to pay the interest on this auto premium from the date it was due, if you can go along with me."

The United replied as follows:

"November 8, 1938.

"Mr. Raymond Sperr, .

"Marked Tree, Arkansas.

"Dear Mr. Sperr:

"Re: Policy No. 25106, East & West Insurance Company—Raymond Sperr

"Replying to your letter of November 7, we will be glad to go along with you on your open account in connection with the automobile premium.

"However, to cancel the furniture policy, it will be necessary that you return this policy to our office. If you cannot find the policy itself and will advise this office, we will have the company furnish you with a lost policy receipt for same."

Sperr did not return the policy for cancellation, and on November 28, 1938, the property covered by it was destroyed by fire, no rider having been issued by any agent of appellee covering the property in its new location at Marked Tree. Proof of loss was made, payment demanded and refused, and this suit followed to collect the amount of the policy.

Appellee defended the action on several grounds: 1. That the coverage was limited to a certain location in Memphis, Tennessee, the policy expressly providing there should be no coverage elsewhere; 2. there was and could be no waiver; 3. that the property was mortgaged which avoids the policy under its express provisions; and 4. that United was not the agent of appellee and had no

power to bind it by any action on its part, or, if an agent, it was a soliciting agent only.

At the conclusion of the evidence the trial court directed a verdict against appellant, on which judgment was accordingly entered, and this appeal followed. We think the court was correct in so doing on several grounds above stated, but it is unnecessary to discuss but one of them. The policy provides that appellee "Does insure . . . the following described property while located and contained as described herein and not elsewhere . . ." In other words, the property was insured while it remained at 1916 Central avenue, Memphis, Tennessee, but it was not insured at any other location, either within or without the state of Tennessee. Appellant's husband, her agent, knew this. He showed himself to be quite familiar with this provision of the policy and so advised the United by letter on two separate occasions. In his letter of November 7, 1938, to United he says: "I wish you would cancel the insurance on our furniture as of September first as we moved from 1916 Central avenue to Marked Tree on that date and by the terms of the policy the insurance could not apply at the new location." But appellant says this breach was waived by the letter of United to Sperr in which he stated that, in order "to cancel the furniture policy, it will be necessary that you return this policy to our office, etc." Let it be remembered that United was not the agent of appellee, did not issue or countersign the policy, did not issue or countersign the rider consenting to the first removal. But assuming for the sake of argument that United was the agent of appellee, still the letter written by it did not amount to a waiver of that provision of the policy, assuming that it could be waived by an agent. It directed appellant to surrender the policy so it could be canceled, or file a lost policy receipt. Appellant knew the policy was not in force, because the property had been removed from 1916 Central avenue. What Sperr wanted was to have the policy canceled presumably in order to get a refund as he wanted it canceled as of September 1, the date he moved to Marked Tree. The information United gave him was how to get

the cancellation consummated. It is difficult to perceive just how this letter could be construed to be a waiver. Failure of appellee to return the unearned premium before suit was brought does not waive the forfeiture. We so held in *Home Fire Ins. Co.* v. *Wilson*, 109 Ark. 324, 159 S. W. 1113, where it was held, to quote a headnote:

"Where a fire insurance policy is issued and the premium is paid, and afterward the assured violates the provisions of the policy as to vacancy, creating a forfeiture, the insurance company having no knowledge of the same until after loss, does not waive the forfeiture by merely failing to return the unearned premium before suit is brought on the policy, nor is it precluded by such failure from setting up such forfeiture in defense of the suit."

In so holding the court followed its previous ruling in *Capital Fire Ins. Co.* v. *Shearwood*, 87 Ark. 326, 112 S. W. 878.

Under the plain provisions of the policy, there was no insurance on appellant's property except while located at 1916 Central avenue, Memphis, and when the property was removed to Marked Tree, she knew she had no insurance and asked for a cancellation. She neglected to send in the policy for cancellation, but in the meantime the property was not covered by the policy, although outstanding and uncanceled.

The trial court correctly directed a verdict for appellee, and the judgment is accordingly affirmed.