Franklin E. **ROBERTSON**

v.

**FARM BUREAU MUTUAL INSURANCE COMPANY OF ARKANSAS, INC.**

No. 86–2179.

United States District Court, W.D. Arkansas, Fort Smith Division.

July 16, 1987.

Robert S. Blatt, Fort Smith, Ark., for plaintiff.

P.H. Hardin, Fort Smith, Ark., for defendant.

### MEMORANDUM OPINION

MORRIS SHEPPARD ARNOLD, District Judge.

This is an action to recover under an insurance policy for losses occasioned by fire. The insurer defends on the ground that the policy issued to the plaintiff was voided by plaintiff's misrepresentations on his application for insurance and by his failure to occupy the insured premises. Plaintiff has filed a motion for partial summary judgment on the ground that defendant has waived those defenses or is estopped from raising them. The motion will be denied for the reasons indicated below.

### I.

Plaintiff's argument is grounded on the fact that defendant has not returned the unearned premium to him and is thus dealing with him in a way that is inconsistent with a rescission of the contract. Plaintiff's position is that defendant's failure, within a reasonable time after it discovered facts that would render the policy void, to

return the unearned premium amounts, as a matter of law, to an acceptance of the breaches and a waiver of the defenses. With respect to the misrepresentations, if any, of the plaintiff, this position would apparently have required the defendant to refund the entire premium, since such misrepresentations would void the policy *ab initio*. The vacancy, if any, of the insured premises, on the other hand, would, plaintiff argues, have required defendant to refund any premium paid after the vacancy.

There is, indeed, authority to the effect that "an insurer is precluded from asserting a forfeiture where, after acquiring knowledge of facts constituting a breach of condition, it retains the unearned portion of the premium or fails to tender it back with reasonable promptness." 16C J.A. Appleman and J. Appleman, *Insurance Law and Practice* § 9303 at 498 (1981). With respect specifically to misrepresentations on applications for insurance, it has been said moreover that Arkansas adheres to the rule that forfeiture is waived "if the insurer, with full knowledge of the facts, retained the unearned premium ... for an unreasonable length of time." *Id.* § 9304 at 508, citing *New York Life Insurance Co. v. Adams*, 151 Ark. 123, 235 S.W. 412 (1921). A close reading of that case, however, shows that a crucial fact in the court's analysis was that the life insurer had knowledge of the misrepresentations of the insured before the loss occurred but had waited "an unreasonable length of time *and until after the death of the assured*" to assert the forfeiture. *Adams*, 151 Ark. at 131, 235 S.W. 412 (emphasis supplied). Indeed, the Supreme Court of Arkansas has specifically said that an insurer, "having no knowledge of the forfeiture until after the loss occurs, does not waive same by merely failing to return the premium before suit is brought to recover the amount of the policy; nor is it precluded by such failure from setting up the forfeiture in defense of the suit." *Capital Fire Insurance Co. v. Shearwood*, 87 Ark. 326, 328, 112 S.W. 878 (1908). The reason given there is that in such cases "the insurer has done no affirmative act recognizing the validity of the policy, notwithstanding the forfeiture...." *Id.* There is no reason to doubt the continuing vitality of this idea in Arkansas law; indeed, the rule announced in *Shearwood* has been specifically approved. *See Home Fire Insurance Co. v. Wilson*, 109 Ark. 324, 159 S.W. 1113 (1913). *See also Sperr v. East and West Insurance Co.*, 199 Ark. 600, 135 S.W.2d 327 (1940). It is true that in *Aetna Insurance Co. v. Daggett and Yancey*, 177 Ark. 109, 5 S.W.2d 719 (1928), post-loss activity of the insurer, including the failure to return unearned premiums, was held sufficient to support a jury verdict that the insurer had waived a defense known to the insurer before the loss. But in that case there was other evidence from which a jury could conclude a waiver. It is probably right, moreover, to view that case as one of estoppel, rather than waiver, because the court alluded to the expense incurred by the insured when he acted in conformity with a course of conduct undertaken by the insurer that was inconsistent with an intention by it to declare the policy in default.

After the best consideration that the court has been able to give the matter, it believes that the mere failure of an insurer to return a premium within a reasonable time after it knows of a breach of condition by its insured does not, as a matter of law, amount to a waiver by the insurer of its right to rely on that breach as a defense when it did not learn of the breach until after the loss. The court believes, moreover, that such evidence is also insufficient to allow a jury to conclude that the insurer in fact waived the breach.

It is clear, therefore, that defendant's conduct in this case, as described by plaintiff, did not as a matter of law give rise to a waiver on its part of relevant defenses in the claim raised against it. Summary judgment on that issue will therefore be denied.

## II.

Plaintiff also asserts that the defendant is estopped by his conduct from asserting the defenses discussed above. "The terms 'waiver' and 'estoppel' are often used indifferently in the same sense as if they were

interchangeable terms; but there is a distinction which it is often important to keep in mind. Waiver presupposes a full knowledge of a right existing and an intentional surrender or relinquishment of that right. ... It contemplates something done designedly or knowingly.... 'Waiver is the voluntary surrender of a right; estoppel is the inhibition to assert it from the mischief that has followed. Waiver involves both knowledge and intention; an estoppel may arise when there is no intention to mislead. ... Waiver involves the acts and conduct of only one of the parties; estoppel involves the conduct of both. A waiver does not necessarily imply that one has been misled to his prejudice, or into an altered position; an estoppel always involves this element. ... Estoppel arises where, by the fault of one party, another has been induced, ignorantly or innocently, to change his position for the worse in such manner that it would operate as a virtual fraud upon him to allow the party by whom he has been misled to assert the right in controversy.'" *Sovereign Camp, Woodmen of the World v. Putnam*, 206 S.W. 970, 972–73 (Tex.Civ. App.1918), quoting 40 *Cyclopedia of Law and Procedure* 256–57 (W. Mack ed. 1912); quoted with approval in *Sovereign Camp, Woodmen of the World v. Newsom*, 142 Ark. 132, 157, 219 S.W. 759 (1920). *See also Continental Insurance Companies v. Stanley*, 263 Ark. 638, 642–43, 569 S.W.2d 653 (1978).

In this case, plaintiff has simply not claimed that he has changed his position for the worse in reliance on the defendant's failure to refund his premium. When "the insurer ... has done nothing to deceive, or to increase the burdens of, the assured," the doctrine of estoppel cannot be invoked against the insurer. *Shearwood*, 87 Ark. at 328, 112 S.W. 878. Summary judgment will therefore be denied on this issue as well.