

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-12-2004

# Pizzini v. Amer Intl Specialty

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1959

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Pizzini v. Amer Intl Specialty" (2004). *2004 Decisions.* Paper 506.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/506

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 03-1959

——————

LORIS PIZZINI; DONNA PIZZINI; LEONE PIZZINI,
MARACHIARA BACHE; THOMAS BACHE; TULLIA PIZZINI;
VALERIO PIZZINI; DODIE PETTIT; KEVIN GRAY,

Appellants.

v.

AMERICAN INTERNATIONAL SPECIALTY
LINES INSURANCE COMPANY

————————————————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 99-cv-03297)
District Judge: Honorable Anita B. Brody

————————————————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
on February 10, 2004

Before:  SCIRICA, <u>Chief Judge</u>, ROTH and MCKEE, <u>Circuit Judges</u>

(Opinion filed : July 12, 2004)
————————————

OPINION
————————————

ROTH, <u>Circuit Judge</u>:

Appellants Loris Pizzini, Donna Pizzini, Leone Pizzini, Mirachiara Bache, Thomas Bache, Tullia Pizzini, Valerio Pizzini, Dodie Pettit, and Kevin Gray invested in several Kentucky oil-drilling ventures beginning in 1995. Advising them while making these investments was Stephen Barry Shellington, a registered representative and agent of the Equitable Life Assurance Society of the Untied States. Shellington was insured under professional liability policies issued by American International Specialty Lines Insurance Company (AISLIC).

After the investments failed, the appellants sued Shellington in Pennsylvania state court alleging that he had made material misrepresentations regarding the drilling ventures. AISLIC took over Shellington's defense, subject to a reservation of rights. A condition of AISLIC's defense was that Shellington cooperate with the counsel provided. The defense attorneys, selected by AISLIC, deemed it impossible to provide an effective defense absent Shellington himself testifying, something Shellington steadfastly declined to do.

In 1999, without AISLIC's consent, Shellington negotiated a settlement with appellants by agreeing to an entry of a judgement in favor of the appellants for the full amount of each of their losses. Alleging that ASLIC was now Shellington's assignee under policies issued in 1995 and 1996, appellants then brought suit in diversity against AISLIC for indemnity and also statutory bad faith claims arising from Shellington's

2

conduct. The District Court for the Eastern District of Pennsylvania eventually granted summary judgement dismissing both appellants' indemnity and bad faith claims. This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's order is plenary, and we apply the same standard employed by the District Court under Fed. R. Civ. P. 56(c). Haugh v. Allstate Ins. Co., 322 F.3d 227, 230 (3d Cir. 2003). We will affirm the District Court's grant of summary judgement in favor of AISLIC if it appears that "there is no genuine issue as to any material fact and that [it] is entitled to a judgement as a matter of law." Id. (quoting Fed. R. Civ. P. 56 (c)). In reviewing the record, we are required to view the inferences to be drawn from the underlying facts in the light most favorable to the appellants, as the party opposing the motion, and to take their allegations as true when supported by proper proof whenever these allegations conflict with those of AISLIC. Id.

AISLIC initially argues in favor of applying New York law while appellants maintain applying Pennsylvania law is proper. Yet, "before a choice of law question arises, there must be a conflict between the potentially applicable bodies of law." On Air Entertainment Corp. v. National Indem. Co., 210 F.3d 146, 149 (3d Cir.2000). We agree with the District Court that in this instance, Pennsylvania and New York law are consistent when determining whether summary judgement is proper in a situation in which the Appellants' claims were not first made and reported during a single policy

3

period. For that reason, there is no conflict and the District Court acted properly in deciding to apply Pennsylvania law.

Turning to the substance of the case, appellants first argue that the District Court erred in not admitting extrinsic evidence in the form of a brochure. This brochure, appellants claim, may show ambiguity in the policies at issue. However, "the meaning of a clear and unequivocal written contract must be determined by its contents alone." Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc., 247 F.3d 79, 92 (3d Cir. 2001). Appellants do not contest that the language of the actual policies is unambiguous; as the District Court held, the reporting provisions of the policies are clear and unambiguous, and the relevant terms are defined. Because "[w]here the intention of the parties is clear, there is no need to resort to extrinsic aids or evidence" we find that the District Court did not err by declining to admit extrinsic evidence. Id.

In the alternative, the appellants argue that the District Court should have estopped AISLIC from denying coverage. Appellants maintain that allowing AISLIC to deny coverage because of Shellington's failure to comply with the policies' reporting requirements resulted in both Shellington and the appellants being impermissibly misled. Appellants also argue that in any event AISLIC has waived this defense. Regarding the purported waiver, we initially note that waiver or estoppel cannot create an insurance contract where none existed under Pennsylvania law. See Wasilko v. Home Mut. Cas. Co., 232 A.2d 60, 63 (Pa. Super. Ct. 1967) (citing Donovan v. New York Cas. Co., 94

4

A.2d 570 (Pa. 1953)). Thus, AISLIC did not waive its right to deny coverage under either the 1995 or 1996 policies because of Shellington's failure to cooperate with the defense AISLIC provided. To the extent that AISLIC did not specifically state that this would be a ground on which to deny coverage in its reservation of rights letters, the letters nevertheless did contain language reserving the right to raise other issues and defenses that might affect coverage. Thus, AISLIC did not waive this defense. As to estoppel, the appellants would have to demonstrate "actual prejudice, that is, when the failure to assert all possible defense causes the insured to act to his detriment in reliance thereon" in order to prevail. Mendel v. Homes Ins. Co., 806 F. Supp. 1206, 1215 (E.D. Pa. 1992). Given that AISLIC's letters unequivocally communicated its intention to reserve its rights, we agree with the District Court that no reasonable juror would conclude that Shellington or the appellants would have suffered actual prejudice.

Appellants' suggestion that they may have detrimentally relied on -- and indeed may have been induced by -- the policies' lack of specificity is merely a permutation of the above argument, and is similarly swallowed by the language of the policies. The policies' language put appellants on notice that the insurance company was reserving their right to later raise defenses, even though individual defenses were not spelled out. Appellants could not detrimentally rely on the absence of a specific laundry list of defenses when the insurance company clearly stated that there was a possibility of other defenses being raised.

Finally, appellants argue that even though the District Court held their assigned policy claims invalid, a statutory bad faith claim should not be precluded. We do not agree. Having already found that appellants can enforce no right under either policy, they lack the predicate action needed to pursue a 42 P.S. § 8371 bad faith claim. Polselli v. Nationwide Mut. Fire Ins. Co., 126 F.3d 524, 530 (3d Cir. 1997). This being the case, appellants' bad faith claim is not sustainable.

For the reasons stated above, we will affirm the judgment of the District Court.

_____