Cite as 2021 Ark. App. 308

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-20-109

| | |
|---|---|
| CLARKSVILLE SCHOOL DISTRICT<br>APPELLANT | **Opinion Delivered** September 1, 2021 |
| | APPEAL FROM THE JOHNSON COUNTY CIRCUIT COURT [NO. 36CV-18-285] |
| V. | |
| ACE AMERICAN INSURANCE COMPANY<br>APPELLEE | HONORABLE DENNIS CHARLES SUTTERFIELD, JUDGE |
| | AFFIRMED; MOTION TO TAKE JUDICIAL NOTICE OF SUPPLEMENTAL AUTHORITY DENIED AS MOOT |

## RAYMOND R. ABRAMSON, Judge

The Clarksville School District (CSD) appeals the December 16, 2019 order of the Johnson County Circuit Court granting Ace American Insurance Company's (ACE's) motion for summary judgment. On appeal, CSD argues that the circuit court erred in its decision because of ambiguities in the ACE policy and that significant issues of material fact exist. We affirm.

ACE issued insurance policies to CSD in 2014 and 2015. The 2014 policy period ran from February 1, 2014, through February 1, 2015, with a sixty-day grace reporting period following. The 2015 policy period began when those sixty days expired—on April 2, 2015—and ended on February 1, 2016. Both policies provide coverage for discrimination and other wrongful–employment practices. Both policies are "claims-made-and-reported"

policies. Both policies require as a condition precedent to coverage that a "claim" be both "first made" against CSD and "reported" to ACE during the same policy period, or within the sixty-day grace period following policy expiration.

Both policies contain a "single claim" provision deeming claims involving the same "Wrongful Acts," or "Interrelated Wrongful Acts" to be a "single claim." That "single claim" is deemed to be "first made" on the date the earliest of the claims is first made against CSD. Both ACE policies define "claims" to include Equal Employment Opportunity Commission (EEOC) charges. The policies define "Interrelated Wrongful Acts" as "[a]ll Wrongful Acts that have as a common nexus any fact, circumstance, situation, event, transaction, [or] cause. . . ." There is no dispute as to these policy-coverage definitions.

David Brown was employed by CSD during the 2013–2014 school year. He was terminated after he urinated in a utility sink. On October 26, 2014 (while the 2014 policy was in effect), Brown filed an EEOC charge of discrimination against CSD in which he alleged "age" and "disability" discrimination and "retaliation." CSD received the charge on November 6, 2014, and responded to the EEOC on December 3, 2014. CSD did not report the charge to ACE.

At the conclusion of the EEOC proceeding, Brown filed a lawsuit on July 2, 2015 (while the 2015 policy was in effect). He amended the complaint on September 30, 2015, alleging that he "timely filed a charge of discrimination with the [EEOC]," which was a precondition to filing the lawsuit. The amended complaint alleges the same age and disability discrimination and retaliation as the EEOC charge.

CSD first reported Brown's claim to ACE on October 16, 2015—during the 2015 policy period. ACE denied coverage under both policies. ACE informed CSD that the 2014 policy did not cover Brown's claim because CSD did not report the claim to ACE until five months after the sixty-day grace reporting period had expired. ACE informed CSD that the 2015 policy did not provide coverage because the EEOC charge and lawsuit are a single claim first made against CSD prior to the 2015 policy. CSD sued ACE to recover its settlement and legal expenses incurred as a result of Brown's claim. ACE moved for summary judgment, and the circuit court granted it in December 2019. CSD filed a timely notice of appeal, and this appeal followed.

Our standard of review is well settled:

A motion for summary judgment should be granted when, in light of the pleadings and other documents before the circuit court, there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. Ark. R. Civ. P. 56(c) (2017). When reviewing whether a motion for summary judgment should have been granted, this court determines whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563, 11 S.W.3d 531 (2000). The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. *Id.* All proof submitted must be viewed in a light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. *Bomar v. Moser*, 369 Ark. 123, 251 S.W.3d 234 (2007). Summary judgment is proper, however, when the statute of limitations bars an action. *Alexander v. Twin City Bank*, 322 Ark. 478, 910 S.W.2d 196 (1995); *IC Corp. v. Hoover Treated Wood Prods., Inc.*, 2011 Ark. App. 589, 385 S.W.3d 880; *Tony Smith Trucking v. Woods & Woods, Ltd.*, 75 Ark. App. 134, 55 S.W.3d 327 (2001).

*Hill v. Hartness*, 2017 Ark. App. 664, at 4, 536 S.W.3d 649, 651.

On appeal, CSD does not dispute that Brown's EEOC charge and lawsuit arose from the same "Wrongful Acts" (defined in the ACE policies) of discrimination and retaliation. CSD does not dispute that it received the EEOC charge in November 2014—during the

3

2014 policy. CSD does not dispute that the 2014 policy requires that claims be reported no later than June 1, 2015, sixty days following the April 2, 2015 policy expiration date. CSD does not dispute that it first reported Brown's claim to ACE on October 16, 2015. The 2014 and 2015 ACE policies define "Claims" to include EEOC charges.

The single-claim provision mandates that Brown's EEOC charge and lawsuit comprise a single claim "first made" when CSD received notice of the EEOC charge in November 2014. Brown's claim is not covered under the 2014 policy because CSD did not comply with the condition precedent reporting requirement that claims be reported to ACE within sixty days following policy expiration. Brown's claim is not covered under the 2015 policy because it was not "first made" against CSD during the 2015 policy. Therefore, summary judgment was proper here.

Where policy language is unambiguous, Arkansas law requires that the plain language controls. Arkansas courts enforce claims-made-and-reported policies as written. Here, the material facts are not in dispute, so there could be no coverage for Brown's claim unless the ACE policies are determined by the court to be ambiguous. The ACE policies are not ambiguous, as CSD argues, simply because the "single claim" provision is located in the *limits of liability* section of the ACE policies. We do not find this argument persuasive as that interpretation would render meaningless other policy provisions.

As ACE argues, the relevant facts necessary for our court to affirm the circuit court's coverage determination are undisputed:

1. Brown's October 26, 2014 EEOC charge is a "claim" as defined in the ACE policies.

4

2. The Claim was "first made" against CSD during the 2014 policy period when CSD received the EEOC charge on November 6, 2014.

3. CSD did not report the EEOC charge during the 2014 policy period or by June 1, 2015, when the sixty-day grace reporting period expired.

4. Brown's July 2, 2015 lawsuit also is a "claim" as defined in the ACE policies.

5. The October 26, 2014 EEOC charge and July 2, 2015 lawsuit asserting the same allegations and legal theories are "claims" arising out of the same "Wrongful Acts," and involve "Interrelated Wrongful Acts" deemed under the policies to be a single claim.

6. The first notice CSD provided to ACE of Brown's discrimination and retaliation claim was on October 16, 2015.

When we apply those undisputed facts to the unambiguous ACE policy language, we agree with the circuit court's conclusion that neither policy covers Brown's claim against CSD. In Arkansas, "[t]he law regarding construction of an insurance contract is well settled." *Elam v. First Unum Life Ins. Co.*, 346 Ark. 291, 297, 57 S.W.3d 165, 169 (2001). "It is . . . a longstanding rule that, where the terms of the policy are clear and unambiguous, the policy language controls." *Noland v. Farmers Ins. Co., Inc.*, 319 Ark. 449, 452, 892 S.W.2d 271, 272 (1995). The mere fact that parties disagree as to how a policy should be interpreted does not make the policy ambiguous as a matter of law. Instead, ambiguity arises only if policy language "is susceptible to more than one reasonable interpretation." *Crockett v. Shelter Mut. Ins. Co.*, 2019 Ark. 365, at 3, 589 S.W.3d 369, 371.

"When the language is clear, it must be given its plain and obvious meaning and should not be interpreted to bind an insurer to a risk which it plainly excluded . . . ." *Carver v. Allstate Ins. Co.*, 77 Ark. App. 296, 301, 76 S.W.3d 901, 904 (2002). Arkansas courts construing insurance policies "consider the whole policy." *Cont'l Cas. Co. v. Didier*, 301

5

Ark. 159, 166, 783 S.W.2d 29, 32 (1990). The policy must be "construed so that all of its parts harmonize." *Cont'l Cas. Co. v. Davidson*, 250 Ark. 35, 41, 463 S.W.2d 652, 655 (1971). "A construction which neutralizes any provision of a contract should never be adopted if the contract can be construed to give effect to all provisions." *Id.*

Arkansas courts interpret and enforce claims-made-and-reported policies to require both that claims be first made against the insured and reported to the carrier in the same policy period. *See Campbell & Co. v. Utica Mut. Ins. Co.*, 36 Ark. App. 143, 146, 820 S.W.2d 284, 286 (1991) ("Coverage is therefore provided under this policy when two conditions are met: first, a claim . . . must be made against the insured during the policy period, and second, written notice of the claim must be given to Utica during the policy period."); *Cont'l Cas. Co. v. Walker*, 741 F. Supp. 2d 987, 991 (E.D. Ark. 2008) ("Under Arkansas law, a 'claims made and reported policy' can only be triggered if a claim is made in writing and given to the insurer during the policy period.").

Further, Brown's October 26, 2014 EEOC charge and July 2, 2015 lawsuit constitute a single claim. In a case decided by the Eighth Circuit in December 2020, the federal appellate court upheld the circuit court's grant of summary judgment for ACE under an identical fact pattern and identical policy language. *See Pine Bluff Sch. Dist. v. ACE Am. Ins. Co.*, 984 F.3d 583 (8th Cir. 2020).[1] The court explained, "Because Alexander's EEOC charge and lawsuit 'ar[ose] out of the same Wrongful Act,' they are considered 'one Claim'

---

[1]We note that ACE has filed a motion to take judicial notice of supplemental authority of this case; we deny its motion as moot.

under the single claim provision" and held that the single claim provision unambiguously applied. *Id.* at 592.

The Eighth Circuit further found that the EEOC charge and subsequent lawsuit comprise a single claim "first made" when the EEOC charge was filed, and accordingly, that neither policy provided coverage. *Id.* Such is the case before us where the circuit court correctly found that neither the 2014 nor the 2015 policy covered Brown's single claim.

CSD alternatively argues that our court should apply the doctrines of waiver and estoppel to broaden the scope of coverage. However, in doing so, CSD ignores well-established Arkansas law holding that those doctrines cannot be used to expand the scope of coverage under an insurance policy. *See J-McDaniel Constr. Co., Inc. v. Mid-Continent Cas. Co.*, 761 F.3d 916, 919 (8th Cir. 2014).

Waiver presupposes "a full knowledge of a right existing and an intentional surrender or relinquishment of that right." *Robertson v. Farm Bureau Mut. Ins. Co. of Arkansas, Inc.*, 668 F. Supp. 1259, 1261 (W.D. Ark. 1987). Waiver "contemplates something done designedly or knowingly." *Id.* CSD presented no evidence to overcome summary judgment indicating ACE intentionally, knowingly, and by design waived the insuring agreement requirements in the ACE policies.

On appeal, CSD focuses on an approximate three-month delay between the date ACE received confirmation that CSD had received notice during the 2014 policy period and the date ACE issued its coverage declination. CSD argues that delay demonstrates ACE waived the requirements or should be estopped from denying coverage. However, CSD failed to report Brown's EEOC charge until October 16, 2015, and the facts in this case do

7

not support either waiver or estoppel under Arkansas law. A mere delay in completing a coverage investigation does not amount to waiver. Moreover, ACE specifically "reserve[d] all right[s] under the policy" at the beginning of its claim investigations.

CSD offers no explanation as to how a three-month claim investigation "mis[led] [CSD] into believing that coverage exists" or how CSD relied on the alleged delay in ACE providing its coverage position. CSD states that had it learned of ACE's disclaimer position earlier, "it could have pursued a strategy to attempt to settle the underlying case at an earlier stage." That argument was rejected in the recent *Pine Bluff* case cited previously. CSD's argument failed there as it does here.

CSD, as the insured in this case, was in a better position than ACE to fully understand that, even prior to reporting the claim to ACE, it had failed to meet the claims–made–and–reported requirements to obtain coverage for Brown's claim. CSD presented no evidence below that it lacked a copy of the ACE policy or that it was unaware of the reporting requirements. It presented no evidence, nor could it, that it was unaware of the October 26, 2014 EEOC charge during the 2014 policy: it responded to that charge in December 2014, six months before the deadline to report claims under the 2014 policy. Just as in *Pine Bluff*, *supra*, neither waiver nor estoppel is applicable in the case at bar:

> The present case concerns claims-made-and-reported policies. "[A]s 'claims made and reported' insurance policies, the requirement that [the insured] report plaintiff['s] claim to [the insurer] in the same policy period in which he became aware of [the claim] goes to the *scope of coverage* of the policies. It is not merely a condition of forfeiture." *Pizzini v. Am. Int'l Specialty Lines Ins. Co.*, 210 F. Supp. 2d 658, 675 (E.D. Pa. 2002) (emphasis added), *aff'd*, 107 F. App'x 266 (3d Cir. 2004). As a result, applying Arkansas law, the doctrines of waiver and estoppel are inapplicable. *See J-McDaniel Const. Co.*, 761 F.3d at 919; *Peoples Protective Life Ins.* [*v. Smith*, 257 Ark. 76, 86, 514 S.W.2d 400, 406–07 (1974)].

*Pine Bluff*, 984 F.3d at 595 (alteration in original).

Here, the circuit court correctly determined that the single-claim provision in the ACE policies is unambiguous. There are no material facts in dispute. Brown's employment-discrimination claim against CSD is not covered under the 2014 policy because CSD failed to meet a condition precedent to report the claim during the policy or within the sixty-day grace period. Brown's claim is not covered under the 2015 policy because it was not "first made" during that policy period.

Arkansas law makes clear that insurance policies are to be enforced as written. Waiver and estoppel cannot be used to expand the scope of coverage or create coverage that never existed. Because there is no genuine issue as to any material fact in dispute given the parties' pleadings and the proof of record, and because we agree with the circuit court's decisions as a matter of law, we affirm the summary judgment granted in favor of ACE.

Affirmed; motion to take judicial notice of supplemental authority denied as moot.

GLADWIN and WHITEAKER, JJ., agree.

*David Hodges*, for appellant.

*Quattlebaum, Grooms & Tull, PLLC*, by: *David Vandergriff*, for appellee.